GEORGE J. BICKNELL & another, assignees, *vs.* LEMUEL MELLETT.

Middlesex.    November 15, 1893. — January 4, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Insolvent Debtor — Evidence.*

In an action by an assignee in insolvency to recover the value of the insolvent's stock in trade from the holder of a mortgage upon it, alleged to have been made in fraud of the insolvent laws, the insolvent's books of account, in his own handwriting, are admissible in evidence; and computations by an expert from the figures furnished by the books are admissible also, in the discretion of the judge.

In an action by an assignee in insolvency to recover the value of the insolvent's stock in trade from the holder of a mortgage upon it, alleged to have been made in fraud of the insolvent laws, declarations of the insolvent that he had received full consideration for the mortgage are properly excluded; and evidence of what the defendant had been told by counsel as to his legal right to make the mortgage loan is also properly excluded.

HOLMES, J.    1. This is an action of tort, brought by assignees in insolvency to recover the value of their insolvent's stock in trade from the holder of a mortgage upon it, alleged to have been made in fraud of the insolvent laws. The case is here on exceptions, the first of which is to the admission of the insolvent's books of account, in his own handwriting, viz. journal, ledger, and memorandum of bills payable. There was evidence that there must have been a cash-book also, but the foregoing were all that could be found. The only question raised by the excep-

tion is whether the books were admissible for any purpose. They were in the handwriting of the insolvent, and tended to show at least what he thought his condition was at the time of making the mortgage. *Holbrook* v. *Jackson*, 7 Cush. 136, 147, 148. *Chase* v. *Chase*, 105 Mass. 385, 388.

2. Computations by an expert from the figures furnished by the books were admissible in the discretion of the judge. *Boston & Worcester Railroad* v. *Dana*, 1 Gray, 83, 104. *Jordan* v. *Osgood*, 109 Mass. 457, 464.

3. The declarations of the insolvent that he had received full consideration for the mortgage were properly excluded. In cases of this sort, where a voluntary petition is filed shortly after making a mortgage and the good faith of the mortgagor is the very question in issue, it is impossible to assume that his statements bearing on that question have been disinterested, or have appeared to him to be against his interest, at least without something more than the naked fact that they have been made. Whether they are not inadmissible for another reason we need not decide. They are not like declarations as to boundary by a mortgagor in possession, (*Flagg* v. *Mason*, 141 Mass. 64, 67,) or by a seeming owner showing that he holds only by a conditional title. *Holt* v. *Walker*, 26 Maine, 107. They are addressed primarily to a collateral matter, the receipt of a certain sum of money, and although logically this statement is a step toward showing that the mortgage is valid, and so toward an admission adverse to the insolvent's title, it is a degree more remote than a direct admission. *Greene* v. *Harriman*, 14 Maine, 32. *Holt* v. *Walker*, 26 Maine, 107, 109. On the other hand, the English cases have gone great lengths in admitting declarations to prove a state of mind. *Bateman* v. *Bailey*, 5 T. R. 512. *Ridley* v. *Gyde*, 9 Bing. 349. *Rouch* v. *Great Western Railway*, 1 Q. B. 51, 61.

4. The defendant offered evidence of what he had been told by counsel with reference to his legal right to make the mortgage loan. This was excluded, and, in our opinion, properly. If the debtor intended a fraud on the insolvent law, all that was necessary to be proved against the defendant was that he had reasonable cause to believe that the debtor was insolvent and had such an intent. This depended on the opinion of the

jury or the court, as the case might be, as to what conclusion a prudent business man would draw from the facts known by the defendant. The only matter for evidence, therefore, was what facts were known by the defendant. It has been held that even the actual belief of the party was immaterial. *Forbes* v. *Howe*, 102 Mass. 427, 436. See *Toof* v. *Martin*, 13 Wall. 40, 49, 50. For still stronger reasons, his opinions about the law, however honestly entertained, were immaterial. It does not appear what the defendant expected to prove, but nothing which we can suppose to have been expected would have thrown light on the question what facts he knew. If we should hold otherwise, we should furnish accomplices in an intended fraud an easy way of making evidence in their own favor. *Exceptions overruled.*

*G. D. Williams,* (*J. P. Prince* with him,) for the defendant.
*J. F. Wiggin,* for the plaintiffs.