ELLIOTT C. ROGERS, trustee, *vs.* AMERICAN HALIBUT COMPANY.

Essex.    November 5, 1913. — December 13, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DE COURCY, JJ.

*Bankruptcy,* Preference.   *Assignment.*

In an action by the trustee in bankruptcy of the members of an insolvent partnership against a corporation to recover the amount of an alleged preference made to the defendant by one of the bankrupt partners, who was the general business manager of the defendant, where it appears, that such bankrupt, within four months previous to the adjudication in bankruptcy, in settlement of overdrafts upon his account with the defendant, made payments to the defendant's bookkeeper of money that went into the defendant's treasury and was credited upon its books, and that the bankrupt when he made such payments, knowing that he then was insolvent, intended that such payments should enure to the defendant's benefit and had reasonable cause to believe that the defendant's debt would be satisfied largely to the detriment of the bankrupt's other creditors, the defendant is chargeable with the knowledge and belief of the bankrupt, who managed its business, and a finding is warranted that there

was a voidable preference, the amount of which can be recovered, by the plaintiff as trustee in bankruptcy.

An attempted assignment by the plaintiff in a pending action for personal injuries of any future judgment that he may obtain therein is void.

CONTRACT, by the trustee in bankruptcy of the partners constituting the firm of Samuel G. Pool and Sons, to recover an alleged preference of $1,400 made to the defendant, a corporation, by Samuel G. Pool, one of the bankrupt partners, on October 29, 1910, within four months previous to February 23, 1911, on which day the partners were adjudicated bankrupts. Writ dated May 2, 1911.

In addition to a general denial, the defendant's answer contained, by amendment, an allegation that any payment of $1,400, or any part thereof, made to the defendant by Samuel G. Pool, or by the bankrupt firm or any member thereof, on or about October 29, 1910, was made in discharge of an assignment given by Samuel G. Pool and accepted by the defendant in good faith in January, 1909, for a fair consideration and without notice of insolvency. The amended answer also set up that, after the alleged preference, the defendant gave Samuel G. Pool further credit without security to the amount of $558.93 for property which became a part of his estate and that the amount of such new credit remained unpaid at the time of the adjudication in bankruptcy, whereupon the defendant claimed the right to set off the amount of such new credit against any amount that might be recoverable from the defendant as a preference.

In the Superior Court the case was tried before *Hitchcock,* J. At the close of the plaintiff's evidence, which is described in the opinion, the judge, at the defendant's request, ruled that the plaintiff was not entitled to recover and ordered a verdict for the defendant. The plaintiff alleged exceptions.

The exclusion by the judge, subject to the defendant's exception, of the defendant's offer of evidence of the assignment set up in the amended answer, which is referred to in the opinion as involving a question that might arise at the new trial, was as follows:

The defendant's counsel made the following offer of proof:

"My offer of proof is that on February 23, 1910, Samuel G. Pool offered to assign and did assign, to the Halibut Company

all funds to be recovered by reason of a judgment in a suit against the Merchant's Box and Cooperage Company, and did appropriate any judgment that he might hereafter acquire for the payment of such sums as he borrowed or was about to borrow or overdraw from the Halibut Company, amounting in the aggregate to $900, and for a purpose of creating a lien upon any judgment which he might obtain in his suit against the Merchant's Box and Cooperage Company, he did then and there assign and agree to assign any such judgment to the defendant, and that, having done that, he notified his counsel to pay any judgment which he might hereafter obtain, or the proceeds of it, to the Halibut Company, and that this was done in the last part of February 1910."

The evidence thus offered was excluded by the judge. The defendant's counsel also made a further statement as follows: "I made an offer of proof that on April 29, 1910, Samuel G. Pool by a formal paper executed under seal appropriated and assigned any future judgment that he might recover against the Merchant's Box and Cooperage Company to his counsel, and that thereafter, having made this assignment, then a short time after the assignment he directed his counsel, after deducting from any judgment hereafter obtained the amount of disbursements and fee to counsel, to pay that amount obtained on a judgment to the defendant."

*J. M. Marshall*, for the plaintiff.

*W. A. Pew*, for the defendant.

BRALEY, J.  The intention of a bankrupt to confer a preference no longer need be shown, but the plaintiff under the statute as amended still had the burden of proving, that the defendant when the payment was received had reasonable cause to believe that its debtor was insolvent and that enforcement of the transfer would result in diminishing the bankrupt's assets applicable to the payment of creditors of the same class.  U. S. St. 1898, c. 541, § 60 b, as amended by U. S. St. 1910, c. 412, § 11.  *Hewitt v. Boston Straw Board Co.* 214 Mass. 260.  *Wilson v. Mitchell-Woodbury Co.* 214 Mass. 514.  *National Bank of Newport v. National Herkimer County Bank*, 225 U. S. 178.  It is unnecessary to show actual knowledge or belief by the creditor.  If the circumstances are such as would lead the ordinarily prudent man

of affairs to the conclusion that his debtor is insolvent, he obtains a preferential payment within the meaning of the statute, by accepting payment in whole or in part of the debt, where the transaction takes place within four months previous to adjudication; and other creditors of the same class, because of the greater percentage received, must accept decreased dividends. *Hewitt* v. *Boston Straw Board Co.* 214 Mass. 260, and cases cited. *Wilson* v. *Mitchell-Woodbury Co.* 214 Mass. 514.

By § 60 b, knowledge possessed by his agent binds the creditor, but this provision is to be taken with the qualification, that where the agent is acting in furtherance of his own adverse interest or fraudulently, his principal is not bound. *Hewitt* v. *Boston Straw Board Co.* 214 Mass. 260. *Quinn* v. *Burton,* 195 Mass. 277. The bankrupt was the general business manager of the defendant corporation, and within the prescribed period he paid to the bookkeeper in partial settlement of overdrafts of his account with the company the amount in controversy. His insolvency when he made the payment is conclusively shown by his own evidence. U. S. St. 1898, c. 541, § 1 (15). The jury could infer that the money went into the company's treasury, and in the ordinary course of bookkeeping the transaction finally appeared in some form upon its books. It is also of significance that the defendant has retained the money, and from all these circumstances there was evidence of ratification. *Buttrick Lumber Co.* v. *Collins,* 202 Mass. 413, 418. A further finding that the bankrupt intended the payment should enure to the defendant's benefit would have been warranted, and, not having acted for his own individual interest at the expense of his principal, he did not exceed the scope of his employment. Besides, his knowledge, that he was insolvent, is to be imputed to the defendant, and, if believed, the evidence would have justified the jury in finding, that as manager charged with the supervision of its business he had reasonable cause to believe the company's debt would be largely satisfied to the detriment of his other creditors. *Jaquith* v. *Davenport,* 191 Mass. 415, 417, 418.

It would follow under the declaration, which is sufficient in form, that upon these findings the payment was a voidable preference at the election of the plaintiff, and can be recovered back, subject, however, to the right of the defendant under its declara-

tion in set-off to have subsequent credits which have become part of the debtor's estate deducted, if made in good faith and without security. U. S. St. 1898, c. 541, § 60 c. *Peterson* v. *North Bros.* 112 Fed. Rep. 311. *Kaufman* v. *Tredway,* 195 U. S. 271.

The verdict for the defendant was ordered erroneously. But, as the question argued by counsel, whether the defendant can retain the money under the assignment offered by it in evidence and excluded, may arise at the new trial, it should be considered and decided. The payment consisted of part of the proceeds of a judgment recovered by the bankrupt in an action of tort for personal injuries, which before verdict he had assigned to the defendant. The assignment, although antedating the adjudication nearly nine months, did not transfer the cause of action, which was unassignable, or vest in the defendant, before it had been entered, any legal right to a judgment based on a cause of action sounding in tort. *Flynn* v. *Butler,* 189 Mass. 377, 389, and cases cited. *Sibley* v. *Nason,* 196 Mass. 125, 130. The assignment and accompanying offer of proof were inadmissible.

*Exceptions sustained.*