GEORGE W. ABELE, trustee, *vs.* BEACON TRUST COMPANY.

Suffolk.   October 17, 1917. — November 27, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Bankruptcy,* Unlawful preference. *Equity Pleading and Practice,* Appeal, Findings of judge.

In a suit in equity by a trustee in bankruptcy of a business corporation against a trust company to set aside as an unlawful preference an assignment by the bankrupt one month before it was adjudged a bankrupt of certain accounts to the defendant as additional security for the payment of a demand promissory note of the bankrupt payable to the defendant, findings by a judge of the Superior Court that at the time of the assignment the debtor was insolvent and that the effect of the assignment was to give the defendant a preference under the bankruptcy act as of the date of the filing of the petition in bankruptcy, cannot be reviewed in the absence of a report of the evidence on which the findings were based.

In the same case it was assumed, for the purposes of decision, that a finding of the judge, that "the trust company had reasonable cause to believe that a preference was being effected," was an inference drawn by the judge from other facts found by him and set forth in the record. By the record it appeared that, at the time

of the assignment to the defendant, the defendant's vice president, to whom the assignment was delivered, had been informed of the following facts: Of the inability of the debtor to pay a claim of $2,395.08 for which it was being sued by a creditor, of statements of the debtor's treasurer that his company was not able to pay its debts, of an offer made by the debtor to give time notes in payment of its debt to the suing creditor and to secure such notes by an assignment of the very accounts afterwards assigned to the defendant, of the fact that the debtor was in default on its oral agreement to pay $200 a month on the demand note held by the defendant and was being pressed for payments. *Held,* that, from these and other facts reported in the record, the judge was warranted in finding that the defendant had knowledge or notice of facts sufficient to put a reasonably cautious and prudent person upon inquiry as to the debtor's solvency and the probable effect of the assignment as a preference, and that an investigation would have disclosed the facts that the debtor was insolvent and that the necessary effect of this assignment would be to prefer the defendant.

In the same case it was *held* that the findings stated above were sufficient to support a decree setting aside the assignment without the plaintiff showing that the bankrupt intended a preference or that the defendant believed that such a preference was intended.

BILL IN EQUITY, filed in the Superior Court on January 25, 1917, by the trustee in bankruptcy of the Mattapan Motor Car Company, a business corporation, to set aside as an unlawful preference an assignment of certain accounts by the bankrupt to the defendant, the Beacon Trust Company, as described in the opinion.

The case was heard by *Jenney,* J. He made a finding of facts, including the findings that are stated in the opinion, and ordered that a decree be entered setting aside the assignment to the Beacon Trust Company as a preference and ordering the defendant to pay the plaintiff's costs.

Later by order of the judge a final decree to this effect was entered, from which the defendant appealed.

*W. J. Barry,* for the defendant.

*H. M. Chase, (G. W. Abele* with him,) for the plaintiff.

DE COURCY, J. On December 11, 1914, the Mattapan Motor Car Company owed the defendant trust company $5,000 and interest on a demand note, which was secured by indorsements and by a mortgage covering the stock in trade and other personal property of the maker. On that date the Mattapan company delivered to the trust company, as additional collateral security for the above indebtedness, an assignment of certain accounts against the Atterbury Motor Car Company, amounting to approximately $1,504. On January 11, 1915, the Mattapan company was duly adjudged a bankrupt, and later the plaintiff was appointed its trustee in bank-

ruptcy. This suit was brought to set aside as a preference the assignment of the Atterbury company accounts. After a hearing the judge of the Superior Court filed a finding of facts, and ordered a decree in favor of the plaintiff.

Under the bankruptcy act of 1898 (U. S. St. 1898, c. 541, § 60 b. as amended by U. S. St. 1903, c. 487, § 13, and U. S. St. 1910, c. 412, § 11) the plaintiff was entitled to recover if he established (1) that the Mattapan company was insolvent at the time it assigned the Atterbury company accounts to the defendant; (2) that this transfer operated as a preference to the trust company, by securing to it a greater percentage of its pre-existing claim than other creditors of the same class, and (3) that the defendant, or its agent acting for it, then had reasonable cause to believe that it was getting a preference. *Putnam* v. *United States Trust Co.* 223 Mass. 199.

As to (1), the trial judge has found as a fact that the debtor was then in a bankrupt condition, within the statutory definition, and that finding cannot be reviewed in the absence of the evidence on which it was based. See *Batchelder* v. *Home National Bank*, 218 Mass. 420.

As to (2), there is a finding that "the effect of the assignment was to give the trust company a preference under the bankruptcy law as of the date of the filing of the petition in bankruptcy." The conclusiveness of such finding, where the evidence is not reported, apparently is not questioned by the defendant. See *Wilson* v. *Mitchell-Woodbury Co.* 214 Mass. 514.

The judge also found (3) that "the trust company had reasonable cause to believe that a preference was being effected." Plainly this finding of fact cannot be reviewed if it was based upon evidence which is not reported. Even if we assume that the finding is an inference from the other facts found by the judge and set forth in the record, we cannot say that it is wrong. When these accounts which the Mattapan company held against the Atterbury company were assigned to the defendant trust company, the vice-president of the trust company, to whom the assignment was delivered, had been informed of the following facts: the inability of the debtor to pay a claim of $2,395.08 for which it was being sued by one Sutherland; the statements of the debtor's treasurer that his company was not able to pay its debts; the offer made by the debtor

to give time notes in payment of the Sutherland debt and to secure them by an assignment of these very claims due from the Atterbury company; and the fact that the debtor was in default on its oral agreement to pay $200 per month on the demand note held by the trust company, and was being pressed for payments. From these and other facts reported in the record the judge would be warranted in finding that under the circumstances the trust company had knowledge or notice of facts sufficient to put a reasonably cautious and prudent person upon inquiry as to the debtor's solvency and the probable effect of the assignment as a preference; and that an investigation would have disclosed the facts that the debtor was insolvent and that the necessary effect of this assignment would be to prefer the trust company. It was not necessary for the plaintiff to go further and show that the bankrupt intended a preference or that the trust company believed that such preference was intended. *Rogers* v. *American Halibut Co.* 216 Mass. 227. *Jacobs* v. *Saperstein,* 225 Mass. 300.

What has been said disposes of the defendant's requests for rulings, and the entry must be

*Decree affirmed with costs.*