THOMAS J. CASEY, trustee in bankruptcy, *vs.* HARRY S. GORDON LEATHER CO.

Suffolk.     January 11, 1927. — April 6, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Bankruptcy*, Preference. *Equity Pleading and Practice*, Finding by trial judge.

Where, at the hearing of a suit in equity brought by a trustee in bankruptcy against a creditor of the bankrupt to require a return of money alleged to have been received by the defendant as a preference under § 60, a, b, of the national bankruptcy act, both the defendant and the bankrupt

testified, and the evidence was taken under G. L. c. 214, § 24, Equity Rule 29 (1926), it was *held*, that findings by the judge, that the defendant did not know nor have reasonable cause to believe that he was receiving a preference, were not shown to have been clearly wrong, and that they required the affirming of a decree dismissing the bill.

BILL IN EQUITY, filed in the Superior Court on October 20, 1925, seeking to have a payment to the defendant, described in the opinion, declared to be a fraudulent conveyance and null and void, and also to be a preference under the national bankruptcy act, and that it be returned to the plaintiff, trustee in bankruptcy of Jacob Savage.

In the Superior Court, the suit was heard by *Lourie*, J., a stenographer having been appointed under G. L. c. 214, § 24, Equity Rule 29 (1926), to take the evidence. Material facts are stated in the opinion. A final decree was entered dismissing the bill. The plaintiff appealed.

*C. A. McCarron*, for the plaintiff.

*J. E. Crowley*, for the defendant.

CROSBY, J. This is a suit in equity by a trustee in bankruptcy of Jacob Savage to recover $1,917.01, paid to the defendant by the alleged bankrupt on or about February 13, 1925, and within four months of the filing of an involuntary petition in bankruptcy against the said Savage. At the argument the plaintiff waived the allegation of the bill, that the transfer by the bankrupt to the defendant was a fraudulent conveyance, and relied solely upon the allegation that the transfer effected a preference in violation of the bankruptcy act.

When the involuntary petition in bankruptcy was filed, the bankrupt was conducting a business of selling leather shoe findings, in Boston. At that time and for several years previously he had made purchases of goods from the defendant corporation, whose president, treasurer and principal stockholder was Harry S. Gordon. On January 14, 1925, a fire destroyed a part of the bankrupt's stock of merchandise which was insured in certain fire insurance companies. On or about January 19, 1925, the defendant brought an action in the Municipal Court of the City of Boston against the bankrupt in which the insurance companies were named as

trustees; no appearance was entered for the defendant and he was defaulted. On February 4, 1925, before the entry of judgment, the bankrupt signed an order directing the insurance companies to pay over the proceeds of the insurance to the defendant corporation, and its attorney discharged the trustees. On February 11, 1925, the insurance companies with the consent of the bankrupt delivered to the attorney for the Harry S. Gordon Leather Company checks representing the amount of the loss. This attorney gave to the bankrupt a check for the amount received on the insurance policies, less the amount due the leather company and $25 due the attorney and retained by him for services rendered the bankrupt in another matter.

The case was heard by a judge of the Superior Court, who found the following facts: "Jacob Savage, the bankrupt, was insolvent at the time of the transfer to the defendant corporation. The transfer operated as a preference by securing to the defendant corporation, a creditor, a greater percentage of its preëxisting claim than other creditors of the same class. The defendant did not have any knowledge that it was receiving a preference, nor did it have reasonable cause to believe that it was receiving a preference. The bankrupt did not make the transfer with the intent and purpose on his part to hinder, delay or defraud his creditors or any of them. I find and rule that the transfer to the defendant corporation by the bankrupt was not a fraudulent transfer."

The material provisions of the bankruptcy act are found in § 60 a, b. Under this section it is required as a condition of recovery by the trustee in bankruptcy against the creditor that three facts be shown: (1) the bankruptcy, (2) that the transaction then effected a preference, and (3) that the creditor then had reasonable cause to believe that a preference was being effected. *Putnam* v. *United States Trust Co.* 223 Mass. 199, 205.

Although it was found that the bankrupt was insolvent at the time of the transfer to the defendant, and that such transfer operated as a preference, it was also found that the defendant did not have knowledge that it was receiving

a preference, and that it did not have reasonable cause to believe that the transfer would effect a preference. These findings will not be reversed unless plainly wrong. *Reed* v. *Reed*, 114 Mass. 372. *Martell* v. *Dorey*, 235 Mass. 35, 40. *Berman* v. *Coakley*, 257 Mass. 159, 161, 163. A commissioner was appointed to take the evidence, which is reported. It need not be reviewed. We have examined it with care. It consists principally of the testimony of witnesses in the presence of the trial judge. He had better means of determining the weight and credit to be given their statements than we can have upon the printed record.

The issues presented were questions of fact depending largely upon the credibility of the testimony of the defendant's president and of the bankrupt. In view of the oral evidence and the reasonable inferences which might be drawn therefrom, we cannot say that the findings made by the judge who saw the witnesses and heard their testimony are plainly wrong. *Rubenstein* v. *Lottow*, 220 Mass. 156, 165. *Putnam* v. *United States Trust Co.*, *supra*. *Glazier* v. *Everett*, 224 Mass. 184, 186.

The case at bar is distinguishable in its facts from *Hewitt* v. *Boston Straw Board Co.* 214 Mass. 260, *Rogers* v. *American Halibut. Co.* 216 Mass. 227, *Jacobs* v. *Saperstein*, 225 Mass. 300, and *Walsh* v. *Lowell Trust Co.* 245 Mass. 455.

*Decree affirmed.*