# DECISIONS

OF THE

## SUPREME JUDICIAL COURT

OF

### MASSACHUSETTS

---

EMMA PAGLIA *vs.* LOUIS MESSINA & others.

Suffolk.   November 12, 25, 1929. — January 6, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Will,* Validity.

A judge of probate, who heard a petition for the probate of an instrument containing two sheets of paper as the will of a woman and for the appointment of her daughter as administratrix with the will annexed, found that the woman was of age and of sound mind at the time of the execution of the instrument; that it was not procured to be executed by fraud or undue influence; that a notary came to the woman's house and, partly in ink and partly in pencil, wrote down on one of the sheets of paper offered for probate instructions which she gave him, including an instruction that her two sons were to be the "collectors" and were to give an accounting whenever asked; that the woman then made a cross on the other sheet of paper, after which the notary wrote her name; that the woman thereupon acknowledged the instrument as her will; that it was signed "then and there" by three witnesses in the presence of the woman and of each other; and that it was her will.   Although the terms of the instrument were not precise, the intention of the woman could be ascertained therefrom.   The instrument did not specify anyone as executor.   A decree was entered allowing the petition.   *Held,* that the instrument was executed legally as the woman's will and that the decree was proper.

PETITION, filed in the Probate Court for the county of Suffolk on March 1, 1929, for proof of the will of Marianna Messina, late of Revere.

The petition was heard by *Prest*, J., and was allowed. The respondents appealed. Facts found by the judge under G. L. c. 215, § 11, are stated in the opinion.

*D. Di Stefano*, for the respondents, submitted a brief.

*H. Silverman*, for the petitioner.

CARROLL, J. This is a petition for the probate of the will of Marianna Messina by her daughter, Emma Paglia, who asked to be appointed administratrix with the will annexed, no one being named as executor. The decedent died January 19, 1929. Six adult children, four daughters and two sons, survived her. The will was executed January 18, 1929, and was written in Italian. A stenographer was not appointed to take the testimony. The judge made a report of the material facts.

It appeared that when the notary who made the will came to the home of the deceased she was in bed; that she was asked how much she wanted to have spent on her funeral and she replied $500, that she wanted to leave $2,000 "for a tomb stone for herself and husband"; that "she also said her daughter Emma was to have $2,000 separate and what was left all to be divided equally with Emma Paglia," and in reply to the question who was going to administer her property she said her "two sons, Santo and Louis, were to be the collectors and they were to give an accounting whenever asked." There was evidence that the notary wrote these instructions "on the first sheet of paper" and "then took another piece of paper which was the second sheet of the instrument and that the testatrix put her own hand on the pen and made a cross as her signature," after which the notary wrote "Marianna widow Messina"; that she also acknowledged the instrument as her will and it was "then and there" signed by the three witnesses. There were some contradictions in the testimony. The judge found, however, the witnesses signed the will in the bedroom in the presence of the decedent and in the presence of each other, and that said will was duly executed according to law; that the decedent was of full age and sound mind and that the will was not procured by the fraud or undue influence of anyone.

The will is not drawn with precision, but, as it was duly

executed and the intention of the decedent can be ascertained, it was effectual to pass her property. *Loring* v. *Sumner*, 23 Pick. 98, 101.

There was evidence indicating that the notary's "fountain pen gave out and he then used his pencil." This fact, if found to be true, did not invalidate the will. Even if a part of the will was on one sheet of paper and another part on a different sheet the will would be valid — a will may be made on more than one sheet of paper — and as the judge found that it was duly executed according to law, the two sheets were merely parts of the will. All the evidence is not reported and the findings of the judge are to stand. *Abele* v. *Beacon Trust Co.* 228 Mass. 438, 440.

It was not necessary that an executor should be named in the will. The instrument was found to be the last will and testament of Mrs. Messina. It was duly executed according to law. The decedent was of sound mind and no fraud was practised on her. We find no reason why the decree of the Probate Court should be set aside.

*Decree affirmed.*