BERNICE W. HATHAWAY *vs.* ELEANOR C. WARREN &
another.

Middlesex.    November 5, 1931. — November 9, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Probate Court,* Jury issues.    *Will,* Validity.

An instrument offered for probate as the will of a woman consisted of four
typewritten pages fastened together by a single metal clasp easily
removable, and was signed only on the final page. Contestants at the
hearing of a motion for a jury issue as to its execution stated that they
would offer expert evidence showing that the first and fourth pages
were written at a different time from the two intermediate pages, that
the signature of the decedent was written at a time different from the
date of the will, and that the will was kept in a safe deposit box of the
decedent to which during the last months of her life some other person
had access. The proponent of the will offered to prove that the will
offered for probate was the identical instrument which the testatrix's
attorney had drafted according to her directions, and that it was ex-
ecuted by her before officers of a bank where she was a depositor. The
judge found that there was no genuine and doubtful question requiring
the interposition of a jury and denied the motion. The contestants
appealed. *Held,* that no error was shown.
It is not fatal to the validity of a will that it is written on several separate
sheets of paper provided it appears that they compose an instrument
connected in its composition.
It is desirable, in order to avoid controversy, that each sheet of a will
written on several sheets of paper be identified by the signature of the
person executing the will and that the several sheets be securely fastened
together; but this is not essential. Per RUGG, C.J.

PETITION, filed in the Probate Court for the county of
Middlesex on January 30, 1931, for proof of an alleged will
of Clare S. McCormick, late of Waltham.

Certain next of kin opposed the petition and moved for
jury issues, as described in the opinion. The motion was
heard in the Probate Court by *Harris,* J. Material facts
offered to be proved are stated in the opinion. The motion
was denied. The respondents appealed.

*J. E. Swift,* for the respondents.

*W. B. Farr,* (*B. W. Hathaway* with him,) for the peti-
tioner.

RUGG, C.J.  This is an appeal from an order denying a motion to frame issues to be tried by a jury respecting the will of Clare S. McCormick.  The case was heard upon statements of expected proof made by respective counsel.

At the hearing in the Probate Court the issue as to soundness of mind of the deceased was waived.  In the report of the probate judge it is stated that "no offer of proof was made having any tendency to show the exertion of fraud or undue influence on the part of any of the persons named in the motion."  A careful reading of the entire record demonstrates the soundness of that finding.  *Neill* v. *Brackett*, 234 Mass. 367.  *McCormack* v. *Quilty*, 266 Mass. 402, and cases cited.

The will as offered for probate consisted of four typewritten pages fastened together by a simple metal clasp easily removable.  It was signed only on the final page and not page by page.  The contestants stated that they had expert evidence tending to show that the first and fourth pages were written at a different time from the two intermediate pages as shown by the ink and typewriting, and that the signature of the decedent was written at a time different from the date of the will; that the will was kept in a safe deposit box of the decedent to which during the last months of her life some other person had access.  There was an offer of testimony in behalf of the proponent that the will was drafted by a member of the bar with whom the deceased had been associated; that the decedent gave an earlier will to the attorney asking her to make a new one following the earlier one except for specified changes; that the new will so drafted was returned to the decedent in September, 1925, the date and name of the executrix being left blank; that later the name of the executrix was inserted in the handwriting of the decedent who, on December 30, 1925, took it to the bank where she was a depositor and signed it in the presence of three officers of the bank who signed as witnesses, all of whom she knew and all of whom knew her; that the instrument offered as the last will and testament would be identified by the attorney as the instrument drafted by her and handed to the deceased.  That instru-

ment was inspected by the judge of probate. His finding that there was no genuine and doubtful question requiring the interposition of a jury in these circumstances cannot be rightly reversed. *Fuller* v. *Sylvia*, 240 Mass. 49. *Swift* v. *Charest*, 268 Mass. 47. *Paglia* v. *Messina*, 270 Mass. 1.

It is not fatal to the validity of a will that it is written on several separate sheets of paper provided they compose an instrument connected in its composition. *Ela* v. *Edwards*, 16 Gray, 91, 99. *Goods of Ainsworth*, L. R. 2 P. & D. 151. It is desirable, in order to avoid controversy, that each sheet be identified by the signature of the person executing the will and that several sheets be securely fastened together; but this is not essential. The offer of proof of the contestants did not go far enough to require the framing of issues. The case at bar is quite distinguishable from *Maginn's Estate*, 278 Penn. St. 89.

*Order denying issues affirmed.*