## DUNLAP v. LIMES & MEEK.

1. **Partnership**: LIABILITY OF PARTNER. After dissolution of a partnership the power of each member is limited to winding up its affairs, and one partner cannot be subjected to liability for use of the money of a third party by his partner when he himself has derived no advantage from its use, nor ratified the act of his partner in using it.

*Appeal from Marion District Court.*

THURSDAY, SEPTEMBER 19.

THIS action was brought to recover of the defendants, as partners, for money and property of the plaintiff used by one of the partners in paying a partnership debt. There was a trial by the court, and a finding of facts which are, in substance, as follows: At the time of the transaction in question the partnership theretofore existing between the defendants had been dissolved. By arrangement between them Limes was to collect the debts due the firm, and pay the firm debts. He had during the existence of the partnership the general

management of the business, and had been accustomed to
borrow money for the use of the firm without the consent of
Meek.    After the dissolution Limes collected certain money
for the plaintiff as his agent.    The transaction had no con-
nection with the firm business.    Limes, however, made a
deposit of the money with firm money, and used it in paying
firm debts.    Afterward Limes received a horse from the plain-
tiff, and sold the same at public sale to a creditor of the
firm, and, instead of collecting the proceeds for the plaintiff,
he allowed the purchaser to credit the amount upon the firm
debt.    Afterwards Limes and Meek settled, and in the settle-
ment Limes was credited with the money used in paying the
firm debt as if such money had been his own.    Whether
Limes was credited also with the proceeds of the sale of the
horse does not distinctly appear, but we infer from the find-
ings and argument of counsel that such was the fact.    Meek
had no knowledge that the plaintiff's money or property had
been used.    There was a judgment for plaintiff for the amount
claimed.    The defendant Meek appeals.

*Anderson & Gamble*, for appellant.

*Stone & Ayres*, for appellee.

ADAMS, J.—Limes is of course liable.    The only question
is as to whether the plaintiff should be required

1. PARTNER-
SHIP: liability
of partner.

to look to him alone, or whether he may maintain
an action against the firm and collect the claim as a firm
debt, thereby subjecting Meek to the necessity of looking to
Limes for reimbursement.    In *Welker v. Wallace*, 31 Geo.,
362, where a member of a firm was acting individually as
agent of the plaintiff, and as such had received money for
plaintiff, but had used it for the benefit of the firm, it was
held that the firm was liable.    The plaintiff relies upon this
case as holding the doctrine for which he contends, but it
differs from the case at bar in two respects. ·

In the first place, the firm was in existence when the money

was used; and in the second place, no settlement between the partners took place.

The firm being in existence, an act of one of the members, of which the firm had the benefit, might be regarded as the act of the firm. But when a partnership has been dissolved the power of each member is limited to winding up its affairs. No member can subject it to a new liability.

Again, the fact that Meek settled with Limes in ignorance of the use of the plaintiff's money is of controlling importance. If Meek had had knowledge of the use before settlement the case would be different. The plaintiff's money had paid Meek's debt. If Meek had refused to reimburse the plaintiff, after knowledge that he had received the benefit of his money, he would have evinced a willingness to retain the benefit, and would thereby have adopted Limes' act, and become jointly liable with him. But, having settled with Limes in ignorance of the use of plaintiff's money, he cannot be said to have derived any benefit himself. When the plaintiff trusted Limes with his money he took the risk of Limes using it for his own benefit, and he should not be allowed to subject an innocent person to loss.

                                                REVERSED.