WILLIAM C. SPAULDING, receiver, *vs.* GEORGE S. KENDRICK & another.

Berkshire.    September 13, 1898. — October 20, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, BARKER, & HAMMOND, JJ.

*Receiving Money in Good Faith in Payment of or as Security for an Existing Debt.*

One in good faith receiving money in payment of or as security for an existing debt is not bound to inquire where the money was obtained.

BILL IN EQUITY, by the receiver of the Stockbridge Savings Bank, to recover the sum of five thousand dollars, the property of the bank, alleged to have been misappropriated by one Frederick A. Hobbs, a former receiver of the bank, who had been removed from his office. Trial in the Superior Court, before *Lilley*, J., who found for the defendant Kendrick, who alone defended; and the plaintiff alleged exceptions. The facts appear in the opinion.

*C. E. Hibbard*, for the plaintiff.

*J. C. Hammond*, for the defendant Kendrick.

KNOWLTON, J.   The bill alleges that the sum of five thousand dollars was taken by Hobbs from the funds in his hands as receiver, and sent to William A. Dickinson of Amherst in the form of a draft, and by him delivered to one James I. Cooper, who received it as the attorney of the defendant Kendrick, and turned it over to him. The plaintiff discontinued his suit as

against all the defendants except Kendrick and Hobbs, and Kendrick alone defends. Kendrick and one Stockbridge were sureties for Hobbs upon a bond given by him as trustee under the will of one Dickinson, in the sum of eight thousand dollars, and previously to the receipt of the money Kendrick had filed a petition in the Probate Court asking to be relieved from further liability on the bond.

We may assume upon the evidence that the money belonged to the bank, and was misappropriated by Hobbs. There was evidence to warrant the finding of the judge, that the defendant Kendrick had no knowledge that the money was other than the property of Hobbs, and that he received it through his attorney in good faith, and as security for a liability of greater amount than five thousand dollars, and on account thereof forbore to prosecute his petition for relief as surety on the bond of Hobbs. The evidence warranted a finding that his receipt of it was the same in legal effect as if it had been put into his possession by Hobbs with his own hand, to be held as security against loss as surety on the bond. The evidence tended to show that the draft was sent to Mr. Dickinson to be held and used as such security, and that, if the delivery of it to Mr. Cooper was not expressly authorized by Hobbs, it was within the general purpose of Hobbs, and was soon afterwards known to him and ratified by him.

The law of the case is settled by numerous decisions. If a thief gives stolen money, or negotiable securities before their maturity, in payment of his debt, or as security for it, to one who in good faith receives the money or securities as belonging to him, the creditor can hold the property as against the true owner. As between the payor and the payee there is no mistake which affects the validity of the transaction. One receiving money or negotiable securities in payment of or as security for an existing debt is not bound to inquire where the money or securities were obtained. It is better that money or a negotiable security, passing from hand to hand to one who rightly receives it for a valuable consideration, should carry on its face its own credentials. *Merchants' Ins. Co.* v. *Abbott*, 131 Mass. 397. *Lime Rock Bank* v. *Plimpton*, 17 Pick. 159. *Greenfield School District* v. *First National Bank*, 102 Mass. 174. *Thacher*

v. *Pray*, 113 Mass. 291. *Ex parte Apsey*, 3 Bro. C. C. 265. *Jaques* v. *Marquand*, 6 Cowen, 497. *Dunlap* v. *Limes*, 49 Iowa, 177. See also *Mason* v. *Waite*, 17 Mass. 560, 563 ; *Worcester County Bank* v. *Dorchester & Milton Bank*, 10 Cush. 488. It has often been decided in this Commonwealth that a pre-existing debt is a valuable consideration for a payment made or a security given on account of it. *Blanchard* v. *Stevens*, 3 Cush. 162. *Fisher* v. *Fisher*, 98 Mass. 303. *Goodwin* v. *Massachusetts Loan & Trust Co.* 152 Mass. 189, 199. *Merchants' National Bank* v. *Haverhill Iron Works*, 159 Mass. 158. *National Revere Bank* v. *Morse*, 163 Mass. 383.

*Exceptions overruled.*