FRANCES PORTUCHEK, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

### St. Louis Court of Appeals, April 14, 1903.

Action for Personal Injuries: DAMAGES: FREIGHT TRAIN, PASSENGER ON. A person traveling on a freight train assumes all extra hazards incident to and inseparably connected with such method of traveling, and if injury is caused only by the jerk or jolt occasioned by the stopping of the train in the ordinary way, such person is not entitled to recover, and defendant's demurrer at the close of plaintiff's evidence should have been sustained.

Appeal from Audrain Circuit Court.—*Hon. E. M. Hughes,* Judge.

REVERSED.

*Geo. S. Grover* and *Geo. Robertson* for appellant.

(1) The demurrer to the evidence should have been sustained. Wait v. Railroad, 165 Mo. 612; Erwin v. Railroad, 68 S. W. 88. (2) The defendant was entitled to a verdict in its favor at the close of all the testimony. See authorities cited under point 1, supra. (3) The court gave erroneous instructions at the request of plaintiff, and of its own motion. Goetz v. Railroad, 50 Mo. 472; McMahon v. Ex. Co., 132 Mo. 649; Linn v. Bridge Co., 78 Mo. App. 118; Furnish v. Railroad, 102 Mo. 450; Sullivan v. Railroad, 133 Mo. 6. (4) Proper instructions asked by defendant were erroneously refused. Harris v. Railroad, 89 Mo. 233; Wait v. Railroad, 165 Mo. 612.

*P. H. Cullen* for respondent.

(1) There is no question but that the degree of care required of street railway companies toward their passengers is the utmost care and diligence of a very cautious person. Huelsenkamp, 37 Mo. 537; Bryan, 32 Mo. App. 228; Waller, 83 Mo. 608; Furnish, 102 Mo.

438; Bischoff, 121 Mo. 216.    (2) Proof of an unusual
jolt or jerk makes a prima facie case for passengers on
freight trains.    "That the prima facie presumption of
negligence arises in these cases from the mere happen-
ing of the accident, is a proposition not open to discus-
sion."    Lemon v. Chanslor, 68 Mo. 340; Condy v. Rail-
road, 85 Mo. 79; Hepsley v. Railroad, 88 Mo. 348.

REYBURN, J.—On March 27, 1902, plaintiff, the
wife of a farmer residing near Wellsville, Montgomery
county, boarded a car at Martinsburg in Audrain
county, with two companions to be transported to Wells-
ville.    The car in which they traveled was a caboose
attached to a freight train containing seventeen cars,
fourteen of which were equipped with air brakes and
three with hand brakes.    The train regularly carried
passengers, and plaintiff and her associates paid the
usual and customary fare.    Before reaching the depot
at Wellsville, the train pulled into a side or passing
track to permit a passenger train to pass; the switch
at the junction of the main and side tracks is west of
the Wellsville depot, and the train slackened its speed
to enable its brakeman to throw the switch, pulled in on
the side track, and again reduced its speed to allow the
brakeman to return to the train.    At this junction, Miss
Motts, one of the plaintiff's companions, had gone to
the rear end of the caboose, and was standing with her
hand on the door knob; Miss Steinmetz, plaintiff's other
companion was sitting with plaintiff who had her left
hand on the hinged table fastened to the wall, which
let down and extended across in front of the seat on
which these two ladies were seated.    As Miss Motts
went to the rear door the conductor warned her to hold
on as the car would give a jerk, and this warning was
heard and recalled by Miss Motts and Miss Steinmetz
but not by the plaintiff seated by her side.    The train
had not stopped but was moving slowly about two blocks
from the depot, as plaintiff started to rise and the jolt

came, and she fell over the table, striking her left side against it and resumed her seat; Miss Motts who had been whirled around by the jar and had taken a seat, then got off the car, but plaintiff and Miss Steinmetz remained seated until the train pulled up nearer the depot, and they got off where Miss Motts walked up and joined them, and together they went to the house of Miss Motts for dinner, and plaintiff returned to her own home during the afternoon. After the lapse of a week she consulted a physician two or three times, and he found injuries which he pronounced painful but not likely to impair her future health. A passenger on a freight train takes it with all the incidentals usual in the operation of such a train and submits himself to the inconveniences and assumes the perils ordinarily attending such method of transportation, but by consenting to carry passengers on such trains the responsibility of the railroad for their safe transportation is not restricted or lessened, and the same degree of care is required in the management of a freight train carrying passengers as in the operation of a train exclusively for passenger service. In the words of Justice SWAYNE, "Life and limb are as valuable, and there is the same right to safety, in the caboose as in the palace car." Indianapolis, etc., R. R. Co. v. Horst, 93 U. S. 296. But in the language, approved in many of the decisions upon the subject, from the composition of freight trains and the appliances necessary in their operation, there can not in the nature of things be the same immunity from peril in traveling by freight trains as there is by passenger trains. The primary purpose of such trains is the transportation of freight, and the equipments therefor are adapted to such business, and such of the traveling public as elect to journey by freight trains are charged with the knowledge of such fact. It is not to be expected that there will be the same exactness in drawing up to a station by a freight train, as by a train devoted to pasenger service, and precisely the same

degree of care exercised in the operation of both may produce different results respecting the safety of the passengers, from the dangers inseparably connected with the conduct of one train and not with the other, and this the public presumably understands, and conducts itself accordingly, and such inherent hazards the passenger is held to assume in taking a freight train. Wait v. Railway, 165 Mo. 612; Chicago, etc., R. R. v. Arnol, 144 Ill. 201; Olds v. N. Y., etc., R. R., 172 Mass. 72; Erwin v. Railway, 94 Mo. App. 289. In the last case it is aptly observed, that it is a matter of common knowledge, that jolting and jarring are incident to the operation of freight trains, and, therefore, negligence can not be inferred from the mere fact that an injury was suffered from a jar occasioned by the stopping of such train. There is no evidence in this case of any defects in defendant's tracks, train or any of its appliances, nor any evidence tending to show any want of skill or care on the part of defendant's employees in the management of its train or proof that the train was stopped in any improper or negligent manner. The plaintiff and her companions described the accident as being produced by a "very hard jolt" a "backward jolt very hard," Miss Steinmetz characterizing it as "rather a hard jar" and "rather a severe jolt," and a former employee of defendant offered by plaintiff as an expert, stated that there always was more or less jerking in starting and stopping a freight train, but there was no evidence tending to establish that the shock which caused the fall was not a natural incident of the usual stopping of such train in proper manner.

It follows that the court should have given the instruction asked on behalf of defendant at the close of plaintiff's testimony and at the conclusion of all the evidence, that under the pleading and evidence the plaintiff was not entitled to recover, and the judgment is reversed. *Bland, P. J.,* and *Goode, J.,* concur.