EDWARD S. UNDERWOOD, trustee in bankruptcy, *vs.*
LOUIS M. WINSLOW & another.

Essex.    November 13, 1918. — January 6, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Bankruptcy*, Preference. *Equity Pleading and Practice*, Appeal.

At the hearing of a suit in equity by a trustee in bankruptcy against a bank and its vice president, seeking a conveyance to the plaintiff of certain real estate conveyed by the bankrupt within four months of his adjudication to the defendant vice president for the bank's benefit, the plaintiff alleging that at the time of the conveyance the bankrupt was insolvent, that the bank and the vice president had reason to believe that he was so and that the conveyance was intended to and did enable the bank to obtain a greater percentage of its debt than did other creditors of the bankrupt of the same class, there was evidence tending to show that for eleven years previous to 1914 the bankrupt borrowed from the bank and each year paid his indebtedness; that at the beginning of 1914 he owed the bank $2,700 and at the end $9,000, the only payment he made during that year being $1,000 in April; that from April, 1914, to February, 1915, there were thirty renewals of his notes at the bank and that

his credit balance there was small. There also was evidence showing that the officers thought that the bankrupt was deceiving them and knew that he owed another bank $8,000; that at the time of the conveyance the bankrupt was insolvent, that the vice president did not know of the conveyance until informed later by the president, and that the debts owed other creditors amounted to about $35,000. There also was evidence tending to show it was agreed that when the bank's loans were paid the property was to be returned to the bankrupt. The judge made findings for the plaintiff and .a final decree was entered accordingly, from which the defendants appealed. *Held*, that the findings were warranted by the evidence.

BILL IN EQUITY, filed in the Superior Court on April 25, 1916, by the trustee in bankruptcy of Joseph F. Day against Louis M. Winslow and the Lynn National Bank, alleging that the bankrupt, when insolvent and when the defendants had reasonable cause to know that he was so, conveyed certain real estate to the defendant Winslow, an officer of and acting for the defendant bank, which operated as a preference of the defendant bank over Day's other creditors. The prayer of the bill was for a conveyance of the real estate to the plaintiff and for an accounting.

The suit was heard by *Thayer*, J. The material evidence is described in the opinion. The judge found for the plaintiff and by his order a final decree was entered accordingly. The defendants appealed.

*R. L. Sisk*, (*W. O'Shea* with him,) for the defendants.

*H. R. Mayo*, for the plaintiff.

CARROLL, J. This is a bill in equity brought by the trustee in bankruptcy of Joseph F. Day of Lynn to set aside a conveyance of real estate, dated May 26, 1915, made in fraud of the bankruptcy act to the defendant Louis M. Winslow. It is agreed that Winslow held the title for the benefit of the Lynn National Bank, a creditor of the bankrupt.

The case was heard before a judge without a jury, who found that Day was insolvent on the date of the transfer, and that both Winslow and the bank had at this time reasonable cause to believe he was insolvent; that the conveyance was intended to give a preference to the bank and would enable it to obtain a greater percentage of its debt than other creditors of the same class. The defendants contend that the finding cannot stand; that there was no evidence to show they had reasonable cause to believe that Day was insolvent.

Although reasonable cause to believe is different in meaning

from reasonable cause to suspect, *Putnam* v. *United States Trust Co.* 223 Mass. 199, 205, the trustee was not required to show absolute knowledge by the defendants that the transaction would effect a preference. "All that he was required to show was that the defendants had reasonable cause to believe this. *Jacobs* v. *Saperstein*, 225 Mass. 300. Applying this principle, there was sufficient evidence to warrant the findings of the presiding judge. The bankrupt borrowed money from the defendant bank from 1903 to 1914 and each year paid his indebtedness. January 1, 1914, he owed the bank $2,700, and in the following December, $9,000; during that year, the only payment was $1,000 made in April; from April, 1914, to February, 1915, there were thirty renewals of notes and his credit balance was small. While the president of the defendant bank testified he relied on the statement of Day that he owed only $283.94 for merchandise and nothing for borrowed money except to the defendant bank, he admitted that Day had made many false statements to him about his indebtedness, and told him "many cock-and-bull stories." There was evidence that the defendant Winslow, who was vice president of the bank, in April, 1915, knew that Day was indebted to another bank in the sum of $8,000, and expressed his loss of confidence in him. The cashier of the bank knew that the bankrupt was having great difficulty in securing funds to pay his debts. In April, 1915, when a payment of $1,500 was made, he was informed by the president that the bankrupt received this money from his mother's savings bank account. The cashier called the attention of the president to the fact that Day was not following his custom of paying his account at the end of the year, and the president then began urging Day to make a payment. It was admitted that while the conveyance was made to Winslow, he had no knowledge of it until informed by the president. The grantor, Day, owed the defendant bank $7,500 and his debts to other creditors were about $35,000. At the time of the real estate transfer a bill of sale of personal property was executed by Day to the bank, and Harwood, the president, testified that when Day "got his money from Mrs. Coolidge, . . . I was to turn this property back to him, . . . lacking the interest for the time it ran."

Without relating all the evidence, it was ample to justify the finding that men of ordinary business ability, under all the cir-

cumstances disclosed, would have reasonable cause to believe that the conveyance of the real estate was made when Day was insolvent, and was a preference. In addition to this, the judge who heard the cause saw the witnesses and had the opportunity to observe their appearance and manner of testifying. His findings are not to be set aside unless clearly wrong.

*Decree affirmed with costs.*