NOAH HORVITZ *vs.* BERTHA GOLEN & another.

Bristol.    October 22, 1934. — November 26, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Equity Pleading and Practice*, Master: findings of fact, report of evidence, exceptions to report, recommittal; Decree; Appeal.

Under a rule to a master in a suit in equity, requiring him to hear the parties, find the facts, and report his findings together with such questions of law arising in the course of his duty as any party should request, the evidence heard by the master should not be reported by him.

Exceptions to the report of a master in a suit in equity, based on his alleged failure to find certain facts, raise no question of law if the evidence before him is not reported.

Where a party to a suit in equity based exceptions to the report of a master upon his alleged failure to find certain facts, and then filed a motion to recommit to the master "for further findings" and for "a brief, accurate and fair summary of so much of the evidence as is necessary to enable the court to determine the questions of law arising with regard to the validity of the" exceptions, which motion was not supported by an affidavit, no error was shown in a denial of the motion.

The disposition of a motion to recommit a suit in equity to a master for further hearing rests in the sound judicial discretion of the judge who hears the motion.

BILL IN EQUITY, filed in the Superior Court on December 7, 1933.

The suit was referred to a master, who appended to his report a request by the defendants that he "append to his report a brief, accurate and fair summary of so much of the evidence as is necessary to enable the court to determine the questions of law arising with regard to the validity of the objections." The defendants filed a motion, not supported by an affidavit, that the report be recommitted to the master "for further findings" and for such a report of evidence. By order of *Hanify*, J., there were entered an interlocutory decree denying the defendants' motion to recommit, overruling the defendants' exceptions to the report, and confirming the report; and a final decree in the plaintiff's favor. The defendants appealed from both decrees.

The case was submitted on briefs.

*J. Ferreira*, for the defendants.

*G. B. Goodman*, for the plaintiff.

RUGG, C.J. It is alleged in this bill in equity that the plaintiff and the defendants made an agreement whereby the latter sold to the plaintiff for a stated price, which he has paid, a route of customers living in several municipalities, to whom the defendants had sold groceries, meats, canned goods and the like by solicitation and delivery, and that the defendants agreed not to solicit those customers for a period of five years, nor to create any new similar routes, and that the defendants have violated the terms of the agreement in that they have solicited such customers, to the damage of the plaintiff. The prayers are that the defendants be enjoined from soliciting customers on the route sold by them to the plaintiff and from creating new routes, and that the damages caused to the plaintiff by the violation of their agreement by the defendants be determined. The defendants made answer.

The case was referred to a master under a rule requiring him to hear the parties, find the facts, and report his findings together with such questions of law arising in the course of his duty as any party might request. A full report of the facts was filed substantiating in substance the allegations of the bill and assessing the damages sustained by the

plaintiff. Under such a rule the evidence was not, and could not rightly be, reported. The facts found by the master must be accepted as true, since they are not inconsistent or plainly wrong. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330–334. No questions of law are reported.

The defendants filed numerous objections to the master's report. They raise no question of law. They all relate to alleged failure to find facts, and cannot be considered in the absence of the evidence. There is no merit in any of them. *Tuttle* v. *Corey*, 245 Mass. 196, 203. There was no error in the denial of the motion to report the evidence. *Cook* v. *Scheffreen*, 215 Mass. 444, 448. The motion to recommit the case to the master was addressed to sound judicial discretion and its denial discloses no error. *Smith* v. *Lloyd*, 224 Mass. 173, 175. The final decree conforms to the scope of the bill and is justified by the facts found. *Briggs* v. *Sanford*, 219 Mass. 572. *Peabody* v. *Dymsza*, 280 Mass. 341. *Samuel & Nathan E. Goldstein, Inc.* v. *Dietz*, 284 Mass. 548.

> *Interlocutory decree affirmed.*
> *Final decree affirmed with costs.*